UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 12-230 |
| DARVELL HALL | SECTION R |

**ORDER AND REASONS**

Darvell Hall moves this Court to reconsider[1] its previous Order denying him right to file an "out of time" notice of appeal.[2] For the following reasons, Hall's motion is DENIED.

**I. BACKGROUND**

On October 3, 2012, Darvell Hall pleaded guilty to a two-count Bill of Information charging him with making false claims to an agency of the United States, in violation of 18 U.S.C. §§ 287 and 2, and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.[3] Hall entered a plea agreement with the Government.[4] Under the agreement, Hall agreed to waive certain appeal rights.[5]

Hall filed this motion on April 18, 2013. He claims that he instructed his attorney on January 9, 2013, to file a notice of

---

[1] R. Doc. 30.

[2] R. Doc. 29.

[3] R. Doc. 16.

[4] R. Doc. 19.

[5] *Id.* at 3.

appeal and that his counsel indicated that he would file a notice of appeal. Hall states that his counsel told him that a notice of appeal had been filed, but that it would take one year to get a decision back. On February 27, 2013, Hall inquired whether a notice of appeal had actually been filed, and he discovered that it had not.[6] Hall asked this Court for an extension of the deadlines to file his notice of appeal. This Court denied Hall's motion. Hall now moves this Court to reconsider.[7]

## II.  STANDARD

"Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995); *Matter of Shivers*, 900 F. Supp. 60, 62-63 (E.D. Tex. 1995)). District courts are "free to reconsider their own earlier decisions." *Id.* (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)); *see also United States v. Moss*, No. 11-54, 2013 WL 55862, at *1 (E.D. La. Jan. 3, 2013).

---

[6] R. Doc. 26 at 1.

[7] R. Doc. 30.

**III. DISCUSSION**

The Federal Rules of Appellate Procedure provide that a defendant must file a notice of appeal within 14 days of the entry of judgment. A district judge may extend this 14-day deadline by no more than thirty additional days, and only after finding excusable neglect or good cause. Fed. R. App. P. 4(b)(4) (noting that the district court may extend the deadline "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)").

This Court entered judgment on January 9, 2013.[8] As a result Hall had 14 days, until January 23, 2013, to file his notice of appeal. If this Court were to extend this deadline by an additional thirty days, Hall would have had to file his notice of appeal by February 22, 2013. Hall filed this motion on April 18, 2013, far beyond this deadline. Even further, Hall filed this motion more than 44 days after February 27, 2013, the day he learned that no appeal was filed. Even if this Court were to find that Hall had good cause for his delay, this Court cannot extend the deadline beyond 30 days past the original deadline. *See United States v. Willis*, 431 F. App'x 364, 365 (5th Cir. 2011) (per curiam) (affirming district court's denial of motion to extend time when defendant's motion was filed outside the 30-day window).

---

[8] R. Doc. 25.

Hall improperly relies on *United States v. Rivas*, 450 F. App'x 420 (5th Cir. 2011). *Rivas* challenged his lawyer's failure to file a notice of appeal in the context of a motion to set aside his sentence under 28 U.S.C. § 2255, and not in the context of asking the district court to extend the deadline for filing a notice of appeal under Rule 4(b)(4). *Id.* at 423-30 (holding that a failure to abide by client's request constituted ineffective assistance of counsel). *Rivas* does not grant district courts additional authority to extend the filing deadline beyond the limits of Rule 4(b)(4). *See Willis*, 431 F. App'x at 365 ("Rule 4(b)(4) allows a district court to extend the appeal period no more than 30 days beyond the original deadline for filing a notice of appeal upon a showing of excusable neglect or good cause and here, Willis's motion was filed well outside the 30-day window."); *United States v. Torres-Jacinto*, 300 F. App'x 292, 293 (5th Cir. 2008) (per curiam) (noting that it may not reverse a district court's enforcement of the time limitations set in Rule 4(b) when defendant did not file his notice of appeal "within the time for extending the appeal period" under Rule 4(b)(4)).

Further, Hall filed his motion for an extension of the deadline on April 18, 2013, more than thirty days after February 27, 2013, when he discovered that his lawyer did not file a notice of appeal.[9] Accordingly, even if this Court could grant an

---

[9] R. Doc. 26 at 2.

extension, Hall has not shown excusable neglect or good cause. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).

**IV. CONCLUSION**

For the above stated reasons, Hall's motion is DENIED.

New Orleans, Louisiana, this 11th day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE