UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-230 |
| DARVELL HALL | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Darvell Hall's motion to terminate supervised release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies Hall's motion.

### I.   BACKGROUND

On October 3, 2012, Darvell Hall pleaded guilty to a two-count Bill of Information charging him with making false claims to an agency of the United States, in violation of 18 U.S.C. §§ 287 and 2, and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.[3] The Court sentenced Hall to a term of imprisonment of eighty-four months, to be followed by three years of

---

[1]   R. Doc. 34.
[2]   R. Doc. 36.
[3]   R. Docs. 16 & 19.

supervised release.4  The Court also ordered Hall to pay $317,389.00 in restitution.5  Hall was released from prison and began his supervised release on March 15, 2019, with a scheduled end date of March 22, 2022.6  After serving approximately two years of supervision, Hall filed the present motion for early termination of his supervised release.7  The Government opposes his motion on the grounds that Hall has not complied with the terms of his supervised release, and because he has not identified any "changed circumstances" to justify his request.8  The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors the Court must weigh are the nature and circumstances of the

---

| | |
|---|---|
| 4 | R. Doc. 25 at 2-3. |
| 5 | *Id.* at 5. |
| 6 | R. Doc. 36-1 at 1. |
| 7 | R. Doc. 34. |
| 8 | R. Doc. 36 at 4-5. |

2

offense, the history and characteristics of the defendant, the need for the sentence to deter criminal conduct, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

### III. DISCUSSION

In support of his motion, Hall asserts that he has "come to terms with [his] drug issues," and has been participating in his drug treatment and counseling program.[9] He has enrolled in the Southern University of New Orleans School of Business and is working in the Dean's Office at the School of Business.[10] He states that he lives in a trailer on his property and that he "worked hard to save the money to purchase [the trailer] honestly."[11] Hall further notes that, on a personal level, he has reconnected with his four adult children, and is active in his church.[12] As noted by the Government, these

---

9     R. Doc. 34 at 1.
10    *Id.*
11    *Id.* at 2.
12    *Id.*

accomplishments are "commendable and appear to chart a course for his future success."[13] However, none of Hall's identified conduct constitutes changed or exceptional circumstances that warrant early termination of his supervised release. *See United States v. Hayes*, No. 1-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (noting that "while the Court is pleased that [defendant] has turned his life around, . . . [he] does not present any extraordinary circumstances which would merit the termination of his supervised release").

As an initial matter, the Probation Office reports that Hall has violated the terms of his probation by (1) failing multiple drug tests, including as recently as May 5, 2021, and (2) failing to pay or underpaying restitution.[14] Specifically, Hall submitted positive drug tests for marijuana on December 17, 2019, March 4, 2020, and 28, 2020, and May 5, 2021.[15] Additionally, as of May 2021, Hall had either failed to make payments, or had made only incomplete payments, every month except March and April of 2021.[16] His

---

[13] R. Doc. 36 at 6.
[14] R. Docs. 36-1, 36-2, & 36-3.
[15] R. Docs. 36-1 & 36-2. In addition to testing positive for marijuana on May 5, 2021, Hall also tested positive for amphetamines. However, his probation officer noted that Hall provided a prescription for Vyvanse, his ADHD medication, which may explain the positive test for amphetamines. R. Doc. 36-2.
[16] R. Doc. 36-3.

4

probation officer represents that Probation is conducting an investigation into Hall's finances to determine whether his monthly restitution payment needs to be lowered, but that the investigation has been delayed because Hall has not provided necessary information regarding his expenses.[17]

Based on these violations, Hall's probation officer recommends that he remain on supervision because "he recently started to make payments as ordered toward restitution and if the marijuana positive is confirmed, he is again in violation of the conditions of release and treatment rules and [h]e may need to see the Judge to address his continued use."[18] The Court thus finds that, given Hall's noncompliance with the terms of his supervised release, he has not demonstrated "exceptionally good behavior" that would justify early termination. *See United States v. Williams*, No. 15-5, 2020 WL 5995692, at *2 (S.D. Miss. Oct. 9, 2020) (finding that defendant's previous violations of his supervised release, including several positive test for marijuana, "weigh heavily against the termination of [defendant's] current supervised release sentence").

Moreover, the factors listed in section 3553(a) weigh against early termination of Hall's supervised release. The offense for which Hall is

---

17 *Id.*
18 R. Doc. 36-2.

serving supervised release stemmed from his filing of fraudulent income tax returns after he obtained personal identifying information of approximately forty-eight unknowing individuals.[19]  Hall's offense resulted in a financial loss to the Internal Revenue Service (IRS) of $317,389.[20]

Further, Hall has several prior convictions for offenses involving similar conduct, such as forgery and issuing worthless checks, and unrelated conduct, such as evading arrest and sexual assault on a child.[21]  Hall additionally has a history of failing to comply with his terms of supervision, and previously had his probation revoked because of new criminal conduct and failure to pay restitution, among other reasons.[22] *See United States v. Allen*, No. 09-77, 2021 WL 1110973, at *3 (E.D. Tex. Mar. 23, 2021) (denying defendant's request to terminate his supervised release because defendant had "repeatedly failed to comply with previous terms of probation"). Accordingly, the Court finds that completion of Hall's term of supervised release is appropriate to reflect the seriousness of his crime and criminal history, and to deter him from future criminal conduct.

---

[19]   R. Doc. 20 at 2 (Factual Basis).
[20]   *Id.*
[21]   R. Doc. 22 at 9-14.
[22]   *Id.* at 9-10.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Hall's motion for early termination of his supervised release.

New Orleans, Louisiana, this __17th__ day of November, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE